IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THURMAN MEARIN, NATHAN RILEY, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 11-669 |
| ) | Judge Nora Barry Fischer/ |
| CARLA SWARTZ, Unit manager, MAJOR L. ) | Magistrate Judge Maureen P. Kelly |
| WINFIELD, Major of Unit Management, ) | |
| LOUIS FOLINO, Superintendent, DORINA ) | |
| VARNER, Chief Grievance Officer, L-5 UNIT ) | |
| MANAGER PAULA PALYA, Unit Manager, ) | Re:  ECF No. 40 |
| LIEUTENANT ROBERT KENNEDY, RHU/ ) | |
| Capital Case Lieutenant; sued in defendants ) | |
| individual and official capacities, ) | |
| Defendants. ) | |

O R D E R

Plaintiffs, Thurman Mearin and Nathan Riley, are pro se inmates currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Greene.  Plaintiffs commenced this civil rights action in May of 2011, bringing claims against various employees of the DOC for allegedly violating their rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.  ECF No. 5.  Plaintiffs allege that Defendants are deliberately indifferent to Plaintiffs' personal health and safety by ignoring their pleas not to be housed with inmates who smoke and/or not to be subjected to ETS exposure.  Plaintiffs also allege that Defendants' actions in housing them with inmates who smoke are in retaliation for Plaintiffs exercising their constitutional right to utilize the grievance procedures and filing other lawsuits.  Id.

Plaintiffs sought to amend their complaint on October 20, 2011, and again on February 14, 2012.  ECF Nos. 14, 36.  Both documents, however, were struck from the record as only one of

the Plaintiffs, neither of whom are attorneys, had signed the proposed amendments.  In addition, the latter amendment only supplemented the Complaint and was not a free standing document. Id.  See ECF Nos. 17, 38.  Accordingly, on March 2, 2012, the Court issued an Order directing Plaintiffs to file a consolidated Amended Complaint containing all the claims they wish to pursue in one single document signed by both Plaintiffs and to do so on or before March 23, 2012.  ECF No. 38.

Plaintiffs submitted an Amended and Supplemental Complaint on March 26, 2012, indicating that they seek to convert this action to one filed on behalf of a "Class" of non-smokers who are subjected to second-hand cigarette smoke and ETS exposure by being confined in cells with inmates who smoke.  ECF Nos. 39-1.  Indeed, Plaintiffs filed a Motion for Class certification on that same date, which is presently before the Court.  ECF No. 40.

In order to proceed as a class action Plaintiffs must show that the requirements of Fed. R. Civ. P. 23(a), governing class action lawsuits, have been met.  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

It is well established, however, that a prisoner proceeding *pro se*, is unable to satisfy the fourth element of a class action suit.  See Awala v. New Jersey Dept. of Corrections, 227 Fed. Appx. 133, 134 (3d Cir. 2007) (affirming the District Court where the "District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a pro se prisoner without formal training in the law. . . Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action"); Bricker v. McVey, 2009 WL 960383 at *8 n.11  (M.D. Pa. April 7, 2009), *quoting* Carter v. Taylor, 540 F.

Supp. 2d 522, 527 (D. Del. 2008) ("When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'"); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action").  Because Plaintiffs are unable to adequately represent the interests of the putative class, they cannot maintain this suit as a class action under Fed. R. Civ. P. 23(a).

AND NOW, this 18th day of April, 2012, upon consideration of Plaintiffs' Motion for Class Certification and Defendants' Response thereto [ECF No. 42], IT IS HEREBY ORDERED that the motion, ECF No. 40, is DENIED.

BY THE COURT:

/S/ MAUREEN P. KELLY
United States Magistrate Judge

cc:   Thurman Mearin
      AM-8063
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Nathan Riley
      CT 8571
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Counsel of Record Via CM-ECF