IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THURMAN MEARIN, NATHAN RILEY, <br> Plaintiffs, <br><br> vs. <br><br> CARLA SWARTZ, Unit manager, MAJOR L. WINFIELD, Major of Unit Management, LOUIS FOLINO, Superintendent, DORINA VARNER, Chief Grievance Officer, L-5 UNIT MANAGER PAULA PALYA, Unit Manager, LIEUTENANT ROBERT KENNEDY, RHU/ Capital Case Lieutenant; sued in defendants individual and official capacities; [FIRST NAME UNKNOWN] TOMSON, C.O. 1; [FIRST NAME UNKNOWN] WILLIAMS, C.O. 1; LIEUTENANT D.P. MEIGHEN, C.O.3; [FIRST NAME UNKNOWN] GREENWALL, C.O. 1; [FIRST NAME UNKNOWN] RENERA, C.O.2; SGT. [FIRST NAME UNKNOWN] FEARIA, C.O.2; [FIRST NAME UNKNOWN] OVER, C.O. 1, <br> Defendants. | Civil Action No. 11-669 <br><br> Judge Nora Barry Fischer/ <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 59 |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Plaintiffs Thurman Mearin ("Mearin") and Nathan Riley ("Riley") (collectively, "Plaintiffs") are inmates in the custody of the Pennsylvania Department of Corrections ("DOC"), and are currently incarcerated at the State Correctional Institution at Greene ("SCI Greene"). Plaintiffs bring this *pro* se civil rights action against Unit Manager Carla Swartz ("Swartz"), Major of Unit Manager Major L. Winfield ("Winfield"), Superintendent Louis Folino ("Folino"), Chief Grievance Officer Dorina Varner ("Varner"), L-5 Unit Manager Paula Palya ("Palya"), Lieutenant Robert Kennedy ("Kennedy"), C.O.1 Tomson ("Tomson"), C.O.1Williams ("Williams"), Lieutenant D.P. Meighen ("Meighen"), C.O.1 Greenwall ("Greenwall"), C.O.2

Renera ("Renera"), Sergeant Fearia ("Fearia"), and C.O.1 Over ("Over") (collectively, "Defendants"), alleging that Defendants have allowed them to be exposed to environmental tobacco smoke ("ETS") with deliberate indifference to their current and future health in violation of his rights provided by the Eighth Amendment to the United States Constitution.

Presently before the Court is a Motion to Dismiss Plaintiffs' Amended Complaint ("the Motion") submitted on behalf of Defendants. ECF No. 59. For the reasons that follow, it is respectfully recommended the Motion be granted in part and denied in part.

## II. REPORT

### A. PROCEDURAL BACKGROUND

Plaintiffs initiated this action on May 19, 2011, by submitting a Complaint to the Clerk of Court without the requisite filing fee or motion seeking leave to proceed *in forma pauperis*. ECF No. 1. The filing fee, however, was paid May 24, 2011, and the Complaint was filed on that same date. ECF Nos. 3, 5. An Amended Complaint was filed by Plaintiffs on October 10, 2011, but struck by this Court on November 2, 2011, because only one of the two Plaintiffs had signed it. ECF Nos. 14, 17. Plaintiffs were nevertheless directed to submit a jointly signed Amended Complaint on or before November 28, 2011, which they failed to do. ECF No. 17. Although Plaintiffs subsequently sought to amend the same unsigned Amended Complaint on February 14, 2012, that effort was thwarted for the same reason and on March 2, 2012, this Court issued another order giving Plaintiffs until March 23, 2012, to file a Consolidated Amended Complaint bringing all of the claims asserted in the original complaint and any new claims they wished to pursue in a single document. ECF Nos. 36, 38.

Plaintiffs filed an Amended and Supplemental Complaint ("Amended Complaint") on March 26, 2012, which is now the operative complaint. ECF Nos. 39, 39-1. At Count I,

Plaintiff Mearin has brought Eighth Amendment claims relative to his exposure to ETS against Defendants Swartz, Winfield, Folino, Palya, Tomson, Williams, Meighen, Greenwall, Renera, Fearia and Varner. ECF No. 39-1, ¶¶ 17-21, 29-31. Plaintiff Riley has brought the same claims against Defendants Swartz, Folino, Palya, Kennedy, Over, and Varner. ECF No. 39-1, ¶¶ 24-28, 32-33, 38-41. See Id. at ¶¶ 47-48. At Count II, Plaintiff Mearin brings a First Amendment retaliation claim against Defendants Swartz, Winfield, Folino and Varner; Riley asserts the same claim against Defendant Swartz. ECF No. 39-1, ¶¶ 22-23, 34-37. See Id. at ¶¶ 49-50. Although not brought as a separate cause of action, both Plaintiffs have alleged that Defendants Greenwall, Tomson, Williams, Meighen, Swartz, Winfield and Folino have violated their rights provided by the Eighth Amendment by instituting a "snitch policy," which requires them to inform on fellow inmates thereby placing them at risk of harm. ECF No. 39-1, ¶¶ 42-45.

Defendants filed the instant Motion on September 6, 2012, to which Plaintiffs responded on November 16, 2012. ECF Nos. 59, 63. As such the Motion is now ripe for review.

**B.  STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must

be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### C. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United

4

States." Id. In the instant case, Plaintiffs allege that Defendants have deprived them of their rights secured by the Eighth and First Amendments to the United States Constitution.

### 1. Eighth Amendment Claims

#### a. Exposure to ETS

Plaintiffs first claim that Defendants have violated their rights provided by the Eighth Amendment by exposing them to ETS, which has allegedly caused or exacerbated any number of health problems, and that Defendants have been deliberately indifferent to their complaints.

In order to succeed on an Eighth Amendment claim based on exposure to ETS, Plaintiffs must establish that: 1) they have been exposed to unreasonably high levels of ETS contrary to contemporary standards of decency; and 2) that the authorities were deliberately indifferent to the exposure to ETS. Brown v. U.S. Justice Dep't, 271 F. App'x 142, 144 (3d Cir. 2008), *citing* Helling v. McKinney, 509 U.S. 25, 35 (1993). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Wilson v. Burks, 423 F. App'x 169, 173 (3d Cir. 2011), *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, the Court finds that Plaintiffs have set forth sufficient facts in the Amended Complaint to raise their right to relief on their Eighth Amendment ETS claims above the speculative level. Plaintiff Mearin has alleged that he has been exposed to "constant smoking" by cellmates, inmates in neighboring cells, and by corrections officers and staff since July 3, 2009, and that the "smoke filled environment" has caused him to suffer from constant coughs, headaches, chest pains, shortness of breath, vomiting, and fatigue. ECF No. 39-1, ¶¶ 17, 29, 30. Similarly, Plaintiff Riley has alleged that he was constantly exposed to second hand smoke by other inmates and/or corrections officers and prison officials between May 15, 2007 and

December 16, 2010, while he was confined in the Restricted Housing Unit, and again between December 18, 2010 and September 18, 2011, while housed on D-B Block. Riley also claims that as a result of being exposed to a smoke filled environment he suffers from constant headaches, coughs, dizziness, breathing difficulties, and burning sensations in his chest. Id. at ¶¶ 24, 25, 32, 33, 38. Plaintiffs also allege that Defendants had actual knowledge of their exposure to ETS and the serious risk of harm to their health but failed to rectify the conditions. Id. at ¶¶ 18-23, 26-29, 31-34, 38-41. Plaintiffs further allege that, notwithstanding Defendants' contention that SCI Greene has a zero tolerance smoking policy, Defendants have failed to enforce the policy. Id. at ¶¶ 27, 28, 32, 33, 39, 40.

Plaintiffs' assertions that the constant exposure to ETS for several years sufficient to have caused coughs, headaches, chest pains, shortness of breath, vomiting, fatigue, and dizziness appears sufficient at this juncture to suggest that Plaintiffs have been exposed to unreasonable high levels of ETS.

The question nevertheless remains whether Plaintiffs have set forth sufficient facts to demonstrate personal involvement in the alleged violation by the various Defendants.

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). See Ruff v. Health Care Adm'r, 441 F. App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have some

6

personal involvement in the underlying unconstitutional conduct"). See also Kaucher v. County of Bucks, 455 F.3d 418, 432 n. 7 (3d Cir. 2006), *quoting* Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights"). The mere fact that a defendant is in a supervisory position is insufficient to establish liability under Section 1983. Hodgin v. Roth, 536 F. Supp. 454, 460 (E.D. Pa. 1982).

It is also well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct. Rode v. Dellarciprete, 845 F.2d at 1207. See Ramos v. Pennsylvania Dep't of Corr., 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) ("review and denial of the grievances and subsequent administrative appeal conducted does not establish personal involvement by those Defendants in the alleged underlying unconstitutional conduct"); Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. July 11, 2006) (finding that allegations that the defendants denied the plaintiff's appeal of his grievance was insufficient to establish the defendant's personal involvement in the challenged conduct); Watkins v. Horn, 1997 WL 566080, at *4 (E.D. Pa. Sept. 5, 1997) (concurrence in an administrative appeal process is not sufficient to establish personal involvement).

Review of the Amended Complaint shows that the only allegations made against Defendants Tomson, Williams, Meighton, Greenwall, Renera and Fearia appear at paragraphs 29 and 30, wherein Plaintiff Mearin claims that these Defendants, along with Defendants Swartz, Winfield, Folino and Varner, acted with deliberate indifference to Mearin's health by forcing him to be housed with inmates who smoke and that they "participated and/or had input into discussions leading up to the decision to placing [sic] Plaintiff in a cell with a cellmate that [sic]

7

smokes cigarettes in the cell . . . ." ECF No. 39-1, ¶ 30. Mearin does not set forth when or where these discussions took place or what precipitated them but, instead, points to the Exhibits 1-25 attached to the Amended Complaint as providing support for his claim. These exhibits are copies of grievances and the corresponding responses filed by both Plaintiffs and two Requests to Staff that were submitted to Defendant Swartz, one by each Plaintiff. ECF Nos. 39-2 to 39-35. Defendants Tomson, Williams, Greenwall, Renera and Fearia, however, are not mentioned in any of Mearin's grievances either as the subject of the grievance or as a participant in its resolution. Thus, the Amended Complaint appears devoid of any facts suggesting that Defendants Tomson, Williams, Greenwall, Renera and Fearia had any personal involvement in housing Mearin with cellmates who smoke. Indeed, Mearin does not address his claims with respect to these Defendants in his responsive brief and has seemingly conceded that the Eighth Amendment claims he has brought against them are properly dismissed. See ECF No. 63, p. 14.

The only exception is Defendant Meighton who, according to the Amended Complaint, is responsible for interviewing prisoners and investigating their grievances and complaints and was the individual who initially reviewed Grievance No. 389361, which was filed by Mearin on November 10, 2011. ECF No. 39-1, ¶ 11; ECF No. 39-5. As previously discussed, however, merely participating in the grievance process is insufficient to confer knowledge of, and acquiescence to, a constitutional violation. This is particularly true here where Grievance No. 389361 revolved around the single placement in Mearin's cell of an inmate who smoked but who was subsequently moved to another block only eleven days later. Id. See Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS); Pryor-El v. Kelly, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and

8

prison officials smoke 'in the TV room, games room, and the letter writing room'" which was insufficient to show that he was exposed to unreasonably high levels of ETS); Brown v. U.S. Justice Dep't, 271 F. App'x at *2. See also Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001) ("The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans").

Similarly, with respect to Defendant Varner, it appears from the Amended Complaint that her only involvement was as the Chief Grievance Officer who reviewed the grievances filed by Mearin and one grievance filed by Plaintiff Riley at the final level of appeal. ECF Nos. 39-9; 39-15; 39-21; 39-27; 39-35. Because reviewing a grievance does not suffice to confer knowledge of a constitutional violation on Varner, the Eighth Amendment claims brought against her by both Plaintiffs are properly dismissed. Rode v. Dellarciprete, 845 F.2d at 1207; Ramos v. Pennsylvania Dep't of Corr., 2006 WL 2129148, at *2.

It also appears that Plaintiffs have failed to plead sufficient facts to state a plausible claim against either Defendant Folino, the Superintendent at SCI Greene, or Defendant Winfield, the Deputy Superintendent of Facilities Management at SCI Greene. ECF No. 39-1, ¶¶ 5, 6. Plaintiff Riley alleges that Folino violated his constitutional rights by not enforcing the no smoking policy while he was housed in the RHU from May 15, 2007 to December 16, 2010, and when he was housed in D-B Block from December 18, 2010 to September 18, 2011. ECF No. 39-1, ¶¶ 24-28, 32-33. Riley, however, has not pled any facts from which it could be inferred that Folino was actually aware of the no smoking infractions on D-B Block and, although Riley does allege that he made repeated requests to Folino to enforce the no smoking policy while he was in the RHU, he provides no factual support from which it could be inferred that he actually made such requests. More importantly, however, even if Riley asked Folino to enforce the no

smoking policy, the request would only have apprized Folino that the policy was being violated and not that the failure to enforce the no smoking policy exposed Riley to unreasonable high levels of smoke so as to constitute a constitutional violation.

Similarly, Plaintiff Mearin alleges that he has made repeated requests to Defendants Folino and Winfield to be housed with a non-smoking cellmate but that they failed to honor his requests and failed to correct the conditions to which he was subjected. ECF No. 39-1, ¶¶ 17-21, 31. Although Mearin claims that Folino and Winfield had actual knowledge of his need to be housed with a non-smoker and participated in discussions which led to his being housed with a cellmate who smokes, he does not allege any facts to support his assertions but merely refers the Court to the exhibits attached to the Amended Complaint. Id. at ¶¶ 19, 30. As previously discussed, however, those exhibits demonstrate only that Folino and Winfield reviewed the grievances that Mearin filed which cannot provide the basis for finding that Folino or Winfield had actual knowledge of a constitutional violation. Rode v. Dellarciprete, 845 F.2d at 1207; Ramos v. Pennsylvania Dep't of Corr., 2006 WL 2129148, at *2. Accordingly, Plaintiffs have failed to state a claim against Defendants Folino and Winfield and those claims are properly dismissed.[1]

It appears, however, that, with the exception of Riley's claim against Palya, Plaintiffs have arguably stated Eighth Amendment ETS claims against Defendants Swartz, Palya, Kennedy and Over.

---

[1] To the extent that Plaintiffs have alleged that their constitutional rights have been violated as evidenced by an on-going practice of housing inmates who smoke with inmates who do not smoke, this too fails to state a claim. Not only does it appear that, due to the no-smoking policy, whether an inmate smokes is not taken into consideration when making housing decisions, but simply celling smokers with non-smokers does not by itself suggest that there has been a constitutional violation even if the inmates smokes in his cell. See ECF No. 39-11; ECF No. 39-17; ECF No. 39-23. See also Brown v. U.S. Justice Dep't, 271 F. App'x at 144 (plaintiff must show that he was exposed to *unreasonably high levels of ETS contrary to contemporary standards of decency* in order to establish a constitutional violation) (emphasis added).

Plaintiff Mearin has alleged that, having been exposed to constant smoking, he made repeated requests to his Unit Managers -- Swartz and Palya -- to be housed with a non-smoking cellmate; that Swartz and Palya had "actual knowledge of the serious conditions of Plaintiff's need to be housed with a non-smoker cellmate;" that Swartz and Palya knew that these conditions complained of had been going on for a significant period of time; and that these Defendants refused to rectify the conditions. ECF No. 39-1, ¶¶ 4, 7, 17-21, 30-31. These assertions, coupled with Mearin's allegations that the exposure to ETS was such that it caused him to suffer from constant coughs, headaches, chest pains, shortness of breath, vomiting, and fatigue, suggests that Swartz and Palya were aware that Plaintiff was being exposed to unreasonable levels of ETS and declined to intervene or rectify the conditions. See ECF Nos. 39-5; 39-9; 39-11; 39-15; 39-17; 39-21; 39-23; 39-27.[2]

With respect to Defendant Swartz, Riley has alleged that Swartz had actual knowledge of the serious conditions and Riley's need to be housed with a non-smoker but has acquiesced in the failure to enforce the no smoking policy. ECF No. 39-1, ¶ 40. Riley also refers to a Request to Staff he submitted to Swartz in which he not only complains about the on-going exposure to ETS but states that Swartz has had prior notice of the smoking infractions. ECF No. 39-28. Riley also refers to a grievance he submitted complaining of being housed in a "smoke filled environment" and Swartz's failure to address the issue. ECF No. 39-1, ¶ 40; ECF No. 39-29. Because it can be inferred from these assertions, as well as Riley's allegations that the exposure to ETS caused him to suffer from constant headaches, coughs, dizziness, breathing difficulties, and burning sensations in his chest, that Swartz was aware that Riley was exposed to

---

[2] The Court notes, however, that to the extent Mearin alleges that Swartz has violated his Eighth Amendment rights by continuing to cell smokers with him, that claim is properly dismissed. The Amended Complaint itself demonstrates that because of the zero tolerance smoking policy, smoking is no longer an issue or considered when making housing decisions and that Swartz, consequently, has no knowledge of an inmate's smoking preference when cell assignments are made. ECF No. 39-11; ECF No. 39-17; ECF No. 39-23.

unreasonable high levels of ETS, Plaintiff appears to have stated an Eighth Amendment claim against her.

Plaintiff Riley, however, has failed to allege sufficient facts from which it can be inferred that Palya is liable to him for violating his rights provided by the Eight Amendment. Although Riley has alleged that while he was housed in D-B Block he was exposed to constant smoking by cellmates, other inmates, and corrections officers because Palya did not enforce the no-smoking policy, Plaintiff has not alleged that he complained to Palya about the smoke or otherwise indicated that the infractions rose to the level of a constitutional violation. Indeed, the only indication that Palya was aware of Riley's complaints appears in a review Palya made of a grievance Riley filed which, as previously discussed, is insufficient to confer knowledge of a constitutional violation. See ECF No. 39-2.

Moreover, it should be noted that Palya indicated in the response to Riley's grievance that the air handling system does not draw air from the chase way between cell but draws air from the outside which passed through a filter system and that the filters are changed quarterly. Id. Palya also indicated that despite the no smoking policy "this is prison and inmates know when it is to their advantage to grab a smoke when the [unit] officer is not around." Id. It therefore is clear from the Amended Complaint that Palya was unaware that Riley was exposed to anything more than minimal ETS and Riley's claim against Palya is properly dismissed.

Only Riley has brought an ETS Eighth Amendment claim against Defendant Kennedy, Lieutenant of the RHU, and Defendant Over, a corrections officer assigned to E Block. Riley alleges that while he was housed in the RHU and on E Block he was exposed to constant ETS and/or a smoke filled environment and that he made repeated complaints about the smoke to these Defendants. ECF No. 39-1, ¶¶ 8, 15, 24-28, 38-39. These facts considered in conjunction

12

with Riley's claims of physical repercussions from the exposure to ETS, appear sufficient at this stage of the litigation to permit the inference that Kennedy and Over had knowledge that Riley was exposed to unreasonably high levels of ETS.

### b. Snitch Policy

Plaintiffs also claim that Defendants Swartz, Winfield, Folino, Tomson, Williams, Meighen, and Greenwall have instituted a "snitch policy," whereby Plaintiffs are instructed to inform on their cellmate as well as other inmates and corrections officers when they are seen smoking. ECF No. 39-1, ¶¶ 42-45. Plaintiffs allege that Defendants' policy places them at risk of harm by those on whom they inform and, thus, violates their Eighth Amendment "right not to participate in any internal sting operation and not to be labeled a snitch and/or prison informant . . . ." Id. at ¶ 44.

Defendants argue that Plaintiffs have failed to state a claim in this regard as, according to the Amended Complaint, Plaintiffs have not reported any smoking violations and, thus, have not been labeled as snitches nor subjected to any harm as a result of the alleged snitch policy.

Indeed, it appears that Plaintiffs' allegations are far too attenuated to state an Eighth Amendment claim. First, in light of Plaintiffs' complaints that SCI Greene's zero tolerance smoking policy is not being complied with, Defendants' directives for Plaintiffs to report those who violate the policy to their block officers in order to facilitate the policy's enforcement, does not appear to be the equivalent of requiring Plaintiffs to be "jail house informants." Further, as argued by Defendants, Plaintiffs have not made any reports to anyone about any smoking violations and, thus, have not been labeled as snitches and have not been subjected to or even threatened with harm. While Plaintiffs may fear repercussions if they were to report the alleged smoking violations, such fears do not invoke Eighth Amendment protection. See Smith v.

13

Pennsylvania Dep't of Corr., 2011 WL 4573364, at *8 (W.D. Pa. Sept. 30, 2011), *citing* Brown v. Ellis, 175 F.3d 1019 (7th Cir. 1999) (holding that failure to protect from actual physical injury, not failure to protect from the fear of injury, is what violates the Eighth Amendment); Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996) ("[h]owever legitimate [plaintiff's] fears may have been ... it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment").

Moreover, Plaintiffs' claim assumes that the source of any report they would make to the block officers would be provided to the other inmates. Plaintiffs' claims therefore are not only based on speculation, but it appears that Plaintiffs themselves have compromised their positions, if not their safety, in the same manner by filing the instant lawsuit as, in order to prevail, Plaintiffs will necessarily have to identify the who, what, where, and when of the alleged infractions. Under these circumstances, Plaintiffs have failed to state an actionable Eighth Amendment claim against any of the Defendants for instituting a snitch policy.

## 2. First Amendment Claim

Plaintiff Mearin also brings a First Amendment retaliation claim against Defendants Swartz, Winfield, Folino and Varner alleging that he is being housed with cellmates who smoke in their cells in retaliation for filing grievances and lawsuits against Defendants and other prison officials within the DOC. ECF No. 39-1, ¶¶ 22-23. Plaintiff Riley brings a similar claim against Defendant Swartz alleging that her advice to Riley to "watch [his] tone and attitude" given in her response to Riley's Request to Staff dated October 21, 2011, constitutes a threat and was made in retaliation for his having filed complaints and the instant lawsuit against Swartz. Id. at ¶¶ 34-37. See ECF No. 39-28.

14

In order to establish a claim for retaliation under the First Amendment, an inmate must demonstrate: (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by a prison official; and (3) that there is a causal connection between the exercise of his constitutional rights and the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2001). See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (the constitutionally protected conduct must be "a substantial or motivating factor" in the decision to discipline the inmate). To constitute an adverse action for purposes of a retaliation claim, the action taken must be "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Id., *quoting* Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). A causal connection between the protected conduct and the adverse action may be established by showing "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link ." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

Here, the Amended Complaint is devoid of any facts from which it could be inferred that Plaintiff Mearin has been housed with cellmates that smoke in retaliation for his having filed grievances or lawsuits against these Defendants or any other DOC officials. Although Mearin alleges that he is being retaliated against because of a lawsuit he filed against Captain Thomas Dohman of SCI Graterford, he does not allege when the suit was filed, that Defendants were aware that the suit had been filed or any other facts that would indicate that Defendants' actions were precipitated by the filing of that suit. Similarly, Mearin has not alleged any facts regarding other suits that he may have filed against any of the instant Defendants including when they were filed, who they were filed against, what were the nature of the complaints, and whether any one Defendant had knowledge of any suits brought against the others.

15

Moreover, according to the exhibits submitted by Plaintiffs with their Amended Complaint, it appears clear that, because SCI Greene has a zero tolerance smoking policy in place, whether or not an inmate is a smoker is no longer a relevant celling issue and not known or considered prior to a housing designation. ECF Nos. 39-11, 39-17, 39-23, 39-31. As well, according to Plaintiffs' exhibits, Defendant Swartz indicated in a response to a grievance filed by Mearin that if he could find someone to share a cell with, she would make sure that they are kept together. ECF No. 39-3. Under these circumstances, Mearin's assertions that Defendants are retaliating against him by housing him with smokers are not only conclusory and purely speculative but are largely belied by his own Amended Complaint.

Plaintiff Riley's retaliation claim also fails. Not only has Riley failed to allege any facts that would suggest that there was a causal connection between Swartz's alleged threat against him and his having filed complaints and/or lawsuits against her, but it is clear that merely cautioning Plaintiff to "watch [his] tone and attitude," would not deter a person of ordinary firmness from exercising his constitutional rights and, thus, does not rise to the level of an adverse action for purposes of a First Amendment retaliation claim. See ECF No. 39-1, ¶ 35.

D.  CONCLUSION

For the foregoing reasons, is respectfully recommended that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 59 be granted in part and denied in part as follows: it is recommended that the Motion be granted to Plaintiff Mearin's Eighth Amendment claims revolving around his exposure to ETS brought against Defendants Winfield, Folino, Tomson, Williams, Meighen, Greenwall, Renera, Fearia and Varner; as to Plaintiff Riley's Eight Amendment ETS claims brought against Defendants Folino and Palya; as to both Plaintiffs' Eighth Amendment claims revolving around an alleged "snitch policy" brought against all

16

Defendants; and as to both Plaintiffs' First Amendment claims brought against all Defendants; it is recommended that the Motion be denied as to Plaintiff Mearin's Eighth Amendment ETS claims brought against Defendants Swartz and Palya and as to Plaintiff Riley's Eighth Amendment ETS claims brought against Defendants Swartz, Kennedy and Over.[3]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        /s/ Maureen P. Kelly
        MAUREEN P. KELLY
        UNITED STATES MAGISTRATE JUDGE

Dated: May 3, 2013

cc:    The Honorable Nora Barry Fischer
       United States District Judge

       Thurman Mearin
       AM-8063
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370

---

[3] Accordingly, should the Court adopt this recommendation the only claims remaining in the case would be Plaintiff Mearin's Eighth Amendment ETS claims brought against Defendants Swartz and Palya and Plaintiff Riley's Eighth Amendment ETS claims brought against Defendants Swartz, Kennedy and Over.

Nathan Riley
CT 8571
SCI Greene
175 Progress Drive
Waynesburg, PA  15370

Counsel of Record by Notice of Electronic Filing